IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **STEPHEN BELL and JESSE PIPPEN,** Individually and on behalf of all others similarly situated, <br><br>**Plaintiffs,** <br><br>vs. <br><br>**MILL-TEL, INC., COXCOM, LLC,** and **COX COMMUNICATIONS KANSAS, LLC,** <br><br>**Defendants.** | Case No. _____ |

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Stephen Bell and Jesse Pippen ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Eric L. Dirks of Williams Dirks Dameron, LLC, and Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC (*pro hac vice* motions to be filed), and for their Original Complaint—Collective Action against Defendants Mill-Tel, Inc., and CoxCom, LLC, and Cox Communications Kansas, LLC (collectively "Defendants"), state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all cable service installation and repair technicians ("Technicians") employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment

1

interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs, and other Technicians lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the District of Kansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Kansas has personal jurisdiction over each Defendant, and each Defendant "resides" in Kansas.

## III.   THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff Stephen Bell is a resident and domiciliary of the State of Oklahoma.

8. Plaintiff Jesse Pippen is a resident and domiciliary of the State of Oklahoma.

9. Separate Defendant Mill-Tel, Inc. ("Mill-Tel"), is a Kansas, for-profit corporation.

10. Mill-Tel, conducts business within and throughout the State of Kansas, Missouri, Nebraska, Oklahoma and throughout the United States, providing, *inter alia*, telecommunication installation and repair services within the State of Oklahoma.

11. Mill-Tel's registered agent is Michael Miller, who can be located at 5550 North Hydraulic, Wichita, Kansas 67219.

12. Mill-Tel maintains a website at https://milltel.com.

13. Separate Defendant CoxCom, LLC ("CoxCom"), is a foreign limited liability company.

14. CoxCom conducts business within and throughout the United States including, but not limited to, Kansas and Oklahoma, providing telecommunication services within the State of Kansas and Oklahoma.

15. Separate Defendant CoxCom's registered agent for service of process is Corporation Service Company, located at 2900 Southwest Wanamaker Drive, suite 204, Topeka, Kansas 66614.

16. CoxCom maintains a website at https://www.cox.com/aboutus/home.html.

17. Separate Defendant Cox Communications Kansas, LLC ("Cox Communications Kansas") is a foreign limited liability company.

18. Cox Communications Kansas conducts business within and throughout the State of Kansas, providing telecommunication services within the State of Kansas.

19. Cox Communications Kansas's registered agent for service of process is Corporation Service Company, located at 2900 Southwest Wanamaker Drive, suite 204, Topeka, Kansas 66614.

20. Cox Communications Kansas maintains a website at www.Cox.com.

### IV. FACTUAL ALLEGATIONS

21. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22. Within the three (3) years preceding the filing of this Complaint, Plaintiffs worked for Defendants as cable service installation and repair technicians ("technicians") in Oklahoma.

23. Plaintiff Bell was employed by Defendants from approximately July of 2017 to March of 2018, and also from August of 2018 to the present.

24. Plaintiff Pippen was employed by Defendants from approximately May of 2018 to May of 2019.

25. In each of the three calendar years preceding the filing of the Original Complaint, Mill-Tel had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, cables, fiber optics, VOIP equipment and materials, office equipment, and telecommunications equipment.

26. Mill-Tel's annual gross volume of sales for each of the three calendar years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

27. At least one of Mill-Tel's primary business purposes is to provide telecommunications installation and repair services.

28. In each of the three calendar years preceding the filing of the Original Complaint, CoxCom had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, cables, fiber optics, VOIP equipment and materials, office equipment, and telecommunications equipment.

29. CoxCom's annual gross volume of sales for each of the three calendar years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

30. At least one of CoxCom's primary business purposes is to provide telecommunications services, including internet, cable, or telephone services.

31. Upon information and belief, in each of the three calendar years preceding the filing of the Original Complaint, Cox Communication Kansas had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, cables, fiber optics, VOIP equipment and materials, office equipment, and telecommunications equipment.

32. Upon information and belief, Cox Communication Kansas's annual gross volume of sales for each of the three calendar years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

33. Upon information and belief, at least one of Cox Communication Kansas's primary business purposes is to provide telecommunications services, including internet, cable, or telephone services.

34. To carry out their purpose to provide telecommunications installation services, Defendants engage technicians in multiple states including, but not necessarily limited to, Kansas, Missouri and Oklahoma.

35. Defendants treat all of their technicians as "independent contractors" for purposes of the FLSA.

36. Defendants had a dress code policy that they required their technicians to adhere to.

37. Defendants assigned technicians to serve Defendants' customers as needed.

38. Defendants required technicians to satisfy whatever needs and requirements Defendants and Defendants' customers had.

39. Defendants required technicians to start their installations at a certain time each morning.

40. Defendants set technicians' schedules and informed technicians where and when they would perform installation services.

41. Defendants maintained and owned or leased buildings or real property in which technicians picked up equipment for installations and attended meetings.

42. Technicians had no opportunity to share in Defendants' profits.

43. Technicians did not share in Defendants' losses.

44. Defendants were supposed to pay technicians according to piece rates per installation.

45. Defendants determined the technicians' pay scale for services without input from or negotiation with technicians.

46. Defendants set prices to its customers for services without technician input or negotiation.

47. Technicians did not negotiate contracts or prices with Defendants' customers.

48. Defendants determined where to locate Defendants' branches and offices without technician input.

49. Defendants made decisions on advertising Defendants' business without technician input.

50. Defendants made decisions on what new business to pursue or take without technician input.

51. Defendants' managers or other individuals under authority of Defendants directed Defendants' technicians.

52. Defendants required technicians to follow the directions of Defendants' managers or other authorized individuals with respect to performing and scheduling installations.

53. Defendants did not pay any technicians any overtime premium for hours that they worked over forty (40) hours per week.

54. In other words, if any technician worked more than forty (40) hours per week, Defendants' policy was not to pay that technician an overtime premium of one- and one-half (1.5) times the technician's regular rate for all hours over forty.

55. Upon information and belief, Defendants had a general practice keeping no contemporaneous records of time that technician spent performing services on Defendants' behalf.

56. For some time during the three years preceding the filing of the Original Complaint, Plaintiffs and other similarly situated technicians performed the duties of a technician on Defendants' behalf.

57. Plaintiffs and other similarly situated technicians were technicians for Defendants for at least some time during the three years preceding the filing of the Original Complaint.

58. Defendants classified, or otherwise treated, Plaintiffs and other similarly situated technicians as "independent contractors" for purposes of the FLSA.

59. Plaintiffs and other similarly situated technicians performed installation and repair services on Defendants' behalf as many as eighty (80) hours per week.

60. Plaintiffs each drove their own vehicles while performing cable installation services on Defendants' behalf.

61. While using their own vehicle on Defendants' behalf, Plaintiffs were required to attach signs advertising both Defendants.

62. Plaintiffs and other similarly situated technicians regularly performed cable installation services and related duties for more than forty (40) hours per week.

63. Defendants did not pay Plaintiffs or other similarly situated technicians overtime premiums of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours in per week.

64. Defendants knew or should have known that the job duties of Plaintiffs and other similarly situated technicians required them to work hours in excess of forty (40) per week, yet Defendants failed and refused to compensate Plaintiffs and other similarly situated technicians for their work as required by the FLSA

65. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA

66. Defendants purposefully and knowingly classified technicians as "independent contractors."

67. Defendants CoxCom and Cox Communications Kansas have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

68. Upon information and belief, Defendants acted as joint employers within the meaning of the FLSA.

69. Upon information and belief, Plaintiffs performed the installation services under Mill-Tel, Inc., for the benefit of CoxCom's subscribers and customers.

70. Upon information and belief, Plaintiffs performed the installation services under Mill-Tel, Inc., for the benefit of Cox Communications Kansas's subscribers and customers.

71. Upon information and belief, CoxCom was involved with establishing at least some of the terms and conditions of work applicable to the installation and repair services that Plaintiffs performed.

72. Upon information and belief, Cox Communications Kansas was involved with establishing at least some of the terms and conditions of work applicable to the installation and repair services that Plaintiffs performed.

73. Upon information and belief, Mill-Tel was involved with establishing at least some of the terms and conditions of work applicable to the installation and repair services that Plaintiffs performed.

74. Upon information and belief, CoxCom and Mill-Tel agreed upon at least some of the terms and conditions of work applicable to the installation and repair services that Plaintiffs performed.

75. Upon information and belief, Cox Communications Kansas and Mill-Tel agreed upon at least some terms of conditions of work applicable to the installation and repair services that Plaintiffs performed.

76. Upon information and belief, with respect to the installation and repair of equipment through which CoxCom provided its telecommunications services, Defendants CoxCom and Cox Communications Kansas operated as a single enterprise.

### V.   REPRESENTATIVE ACTION ALLEGATIONS

77. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

78. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who

were, are, or will be employed by Defendants as similarly situated technicians at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    i. Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

    ii. Liquidated damages; and

    iii. Costs of this action, including attorney's fees.

79. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

**All cable service installation and repair technicians within the three years preceding the filing of the Original Complaint.**

80. The proposed FLSA collective members are similarly situated in that they share these traits:

    i. They performed the same or similar job duties;

    ii. They were required to provide their own vehicles for use in performing their job duties for Defendants; and

    iii. They were subject to Defendants' common policy of classifying them as "independent contractors;"

    iv. They were subject to numerous other common policies and practices as described in the Factual Allegations section.

81. Plaintiffs are unable to state the exact number of the collective but believes that the collective is not less than forty (40) persons.

82. Defendant can readily identify the members of the Section 16(b) collective, which encompasses all technicians.

83. The names and physical and mailing and email addresses of the FLSA collective action Plaintiff are available from Defendant.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claims for Violations of the FLSA)

84. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

85. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

86. Defendants misclassified Plaintiffs as independent contractors.

87. Defendants unlawfully refrained from paying Plaintiff an overtime premium for hours worked in excess of forty (40) per week.

88. Defendants' failure to pay Plaintiffs all overtime wages owed was willful.

89. By reason of the unlawful acts alleged herein, Defendants are liable to each Plaintiff and other similarly situated technicians for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

90. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

91. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

92. Defendants misclassified all technicians as independent contractors.

93. Defendants unlawfully refrained from paying technicians an overtime premium for hours worked over forty (40) hours per week.

94. Defendants' failure to pay technicians overtime wages owed was willful.

95. By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Stephen Bell and Jesse Pippen, each individually and on behalf of all others similarly situated and the members of the proposed Section 216 class, respectfully pray as follows:

A. That Defendants be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective members;

C. For an order entering judgment in favor of Plaintiffs and the proposed collective members against Defendants for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA;

E. For a reasonable attorney's fee, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

## IX. DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial.

Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

/s/ Eric L. Dirks
Eric L. Dirks, KS Bar No. 77996
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
o: 816-945-7110
f: 816-945-7118
dirks@williamsdirks.com

SANFORD LAW FIRM, PLLC
Josh Sanford *(Pro Hac Vice Forthcoming)*
Tess Bradford *(Pro Hac Vice Forthcoming)*
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
tess@sanfordlawfirm.com
josh@sanfordlawfirm.com